1  BENJAMIN B. WAGNER
United States Attorney
2  KEVIN C. KHASIGIAN
Assistant U.S. Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone: (916)554-2700

5  Attorneys for the United States

6

7

8           IN THE UNITED STATES DISTRICT COURT FOR THE

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,

12              Plaintiff,                    2:11-MC-00095-MCE-GGH

13        v.                                  CONSENT JUDGMENT OF
                                              FORFEITURE
14  APPROXIMATELY $11,400.00 IN
U.S. CURRENCY,
15
              Defendant.
16

17

18        Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

19

20        1.  On July 12, 2011, officers with the Chico Police Department were dispatched

21  to the area of Ninth and Pine Streets in Chico, California, for a car accident.  The

22  officers seized approximately $11,400.00 in U.S. Currency from the truck involved in

23  the accident (hereafter the "defendant currency").  The Federal Bureau of Investigation

24  ("FBI") commenced administrative forfeiture proceedings, sending direct written notice

25  to all known potential claimants and publishing notice to all others.  On or about

26  September 20, 2011, the FBI received a claim from Alex Herrera asserting an

27  ownership interest in the defendant currency.

28

1                            Consent Judgment of Forfeiture

1    2. The government represents that it could show at a forfeiture trial that on or

2 about July 12, 2011, Chico Police Department officers were dispatched to the area of

3 Ninth and Pine Streets in Chico, California, on a report that a vehicle had collided into

4 a parked car and was trying to leave the scene.  This vehicle was a 2001 Chevrolet

5 Silverado driven by Alex Herrera.  When back-up officers arrived, Herrera was

6 arrested for DUI and transported to Enloe Hospital by ambulance for a blood test.  At

7 the time of his arrest, Herrera expressed concern for a small safe located in the truck.

8    3. The government could further show that the Silverado truck Herrera had

9 been driving had sustained major damage in the collision and was not drivable.

10 During an inventory search in preparation to tow the vehicle, officers located a small

11 safe in which they discovered the defendant currency, numerous prescription pills in

12 unlabeled bottles, and plastic bags.  The pills in the safe were determined to be

13 approximately four hundred twenty-eight (428) Soma pills, sixty-eight (68) Ambien

14 pills (a Schedule IV controlled substance), and two (2) Lortab pills (a Schedule III

15 controlled substance).  Additionally, officers noted the interior of the safe was coated

16 with a white powder residue and the bottom of the safe contained several pill remants.

17 According to the California Employment Development Department, Herrera has no

18 employment history for the last two years.  Herrera was arrested for DUI and charges

19 are pending in Butte County Superior Court for a violation of Health and Safety Code

20 Section 11379, sale or transportation of drugs.

21    4. Without admitting the truth of the factual assertions contained above, Alex

22 Herrera specifically denying the same, and for the purpose of reaching an amicable

23 resolution and compromise of this matter, Alex Herrera agrees that an adequate

24 factual basis exists to support forfeiture of the defendant currency.  Alex Herrera

25 hereby acknowledges that he is the sole owner of the defendant currency, and that no

26 other person or entity has any legitimate claim of interest therein.

27 ///

28 ///

2    Consent Judgment of Forfeiture

1  Should any person or entity institute any kind of claim or action against the

2  government with regard to its forfeiture of the defendant currency, Alex Herrera shall

3  hold harmless and indemnify the United States, as set forth below.

4       5.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and

5  1355, as this is the judicial district in which acts or omissions giving rise to the

6  forfeiture occurred.

7       6.  This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial

8  district in which the defendant currency was seized.

9       7.  The parties herein desire to settle this matter pursuant to the terms of a duly

10  executed Stipulation for Consent Judgment of Forfeiture.

11       Based upon the above findings, and the files and records of the Court, it is

12  hereby ORDERED AND ADJUDGED:

13       8.  The Court adopts the Stipulation for Consent Judgment of Forfeiture entered

14  into by and between the parties.

15       9.  Upon entry of this Consent Judgment of Forfeiture, $6,000.00 of the

16  $11,400.00 in U.S. Currency, together with any interest that may have accrued on that

17  amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be

18  disposed of according to law.

19       10.  Upon entry of this Consent Judgment of Forfeiture, but no later than 60

20  days thereafter, $5,400.00 of the $11,400.00 in U.S. Currency, together with any

21  interest that may have accrued on that  amount, shall be returned to potential

22  claimant Alex Herrera through attorney Jesse I. Santana.

23       11.  Plaintiff United States of America and its servants, agents, and employees

24  and all other public entities, their servants, agents and employees, are released from

25  any and all liability arising out of or in any way connected with the seizure or

26  forfeiture of the defendant currency.  This is a full and final release applying to all

27  unknown and unanticipated injuries, and/or damages arising out of said seizure or

28  forfeiture, as well as to those now known or disclosed.

3

Consent Judgment of Forfeiture

1     The parties waived the provisions of California Civil Code § 1542.

2         12. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein,

3 the Court finds that there was reasonable cause for the seizure of the defendant

4 currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be

5 entered accordingly.

6         13. No portion of the stipulated settlement, including statements or admissions

7 made therein, shall be admissible in any criminal action pursuant to Rules 408 and

8 410(4) of the Federal Rules of Evidence.

9         14. All parties will bear their own costs and attorneys' fees.

10         IT IS SO ORDERED.

11

12                        **CERTIFICATE OF REASONABLE CAUSE**

13         Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the

14 Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that

15 there was reasonable cause for the seizure of the above-described defendant currency.

16

17    Dated:  February 27, 2012

18

19                              MORRISON C. ENGLAND, JR.

20                              UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

                        Consent Judgment of Forfeiture